UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                              Case No. 3:13-cr-00105

        Plaintiff

v.                                                     ORDER

Anthony L. Cook,

        Defendant

Before me is the motion of Defendant Anthony Cook for a pretrial determination of the applicability of mandatory minimum and maximum statutory penalties under 18 U.S.C. § 2252(b)(1)-(2). (Doc. No. 21). The United States has filed a response. (Doc. No. 22). For the reasons stated below, I conclude Cook's prior conviction under Ohio law is a qualifying prior conviction and would trigger the sentencing enhancement provisions of § 2252(b) as to all three counts of the indictment.

### BACKGROUND AND ANALYSIS

On February 28, 2013, Cook was indicted by a federal grand jury for one count each of receipt, distribution, and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2), (a)(4), and (b). (Doc. No. 1). Under § 2252(b), a defendant who is convicted of violating or attempting to violate § 2252(a)(2) faces a term of imprisonment of not less than 5 years and not more than 20 years unless, *inter alia*, the defendant has a qualifying prior conviction under state law.

18 U.S.C. § 2252(b)(1). If so, the defendant "shall be . . . imprisoned for not less than 15 years nor more than 40 years." *Id.* Further, a defendant convicted of violating or attempting to violate § 2252(a)(4) faces a term of imprisonment of up to 10 or 20 years, depending on the age of the individual depicted, unless, *inter alia*, the defendant has a qualifying prior conviction. 18 U.S.C. § 2252(b)(2). If so, the defendant "shall be . . . imprisoned for not less than 10 years nor more than 20 years." *Id.* The government asserts Cook has a prior conviction under Ohio law that qualifies as a conviction relating to "the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" and which therefore triggers the statutory sentence enhancement provisions. (Doc. No. 22 at 9-10). Cook argues his prior conviction does not qualify because the Ohio law he was convicted of violating encompasses a greater scope of conduct than federal law and thus the sentencing enhancements are inapplicable. (Doc. No. 21 at 4-5).

In order to determine whether Cook's state-court conviction triggers the sentence enhancements set forth in § 2252(b), I must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime – i.e., the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The Supreme Court has approved two approaches to be used in conducting this comparison. The first is the categorical approach, under which a prior conviction qualifies only if the elements of the statute are the same as or narrower than the elements of the generic offense. *See Taylor v. United States*, 495 U.S. 575 (1990). The second is known as the modified categorical approach and is used only when a prior conviction stems from the violation of what is referred to as a "divisible statute." *See Shepard v. United States*, 544 U.S. 13 (2005). A divisible statute "sets out one or more elements of the offense in the alternative . . . ." *Descamps*, 133 S. Ct. at 2281.

> If one alternative . . . matches an element in the generic offense, but the other . . . does not, the modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach

2

demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.* In these circumstances, a court may review "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

In 2004, Cook was convicted of pandering obscenity involving a minor, in violation of Ohio Revised Code § 2907.321(A)(5) and (C). (Doc. No. 22-2). This statute states "[n]o person, with knowledge of the material or performance involved, shall . . . [b]uy, procure, possess, or control any obscene material . . . that has a minor as one of its participants." O.R.C. § 2907.321(A)(5). Ohio law defines a material or performance as obscene "if any of the following apply:"

(1) Its dominant appeal is to prurient interest;

(2) Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite;

(3) Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

(4) Its dominant tendency is to appeal to scatological interest by displaying or depicting human bodily functions of elimination in a way that inspires disgust or revulsion in persons with ordinary sensibilities, without serving any genuine scientific, educational, sociological, moral, or artistic purpose;

(5) It contains a series of displays or descriptions of sexual activity, masturbation, sexual excitement, nudity, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation, rather than primarily for a genuine scientific, educational, sociological, moral, or artistic purpose.

O.R.C. § 2907.01(F).

Section 2256 provides the applicable definition of child pornography against which to compare the elements of Cook's prior conviction. *United States v. McGrattan*, 504 F.3d 608, 610 (6th Cir. 2007). In part, child pornography is defined as "any visual depiction . . . of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . ." 18 U.S.C. § 2256(8)(A). Sexually explicit conduct is defined, in part, as "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex." 18 U.S.C. § 2256(2)(A)(i).

The Ohio statute Cook violated is divisible, as it lists multiple, alternative elements and "so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (*quoting Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). Therefore, the *Shepard* approach applies. Under the modified categorical approach, I may consider the transcript of Cook's plea colloquy before the state court judge in order to determine whether Cook's guilty plea "necessarily admitted elements of the generic offense . . . ." *Shepard*, 544 U.S. at 26. Cook argues "[a]ll that is required [under O.R.C. § 2907.321(A)(5)] is that a minor must be a participant in material which qualifies as obscene." (Doc. No. 21 at 4). While this is true, the argument ignores the requirement that, in order to obtain a conviction for violation of this statute, the state also must prove beyond a reasonable doubt that the material is obscene. In order to do so, the state must present evidence that demonstrates the material at issue meets one of the alternative statutory definitions of obscene set forth in O.R.C. § 2907.01(F). *See, e.g., State v. Stewart*, 676 N.E.2d 912, 919 (Ohio Ct. App. 1996); *State v. Ward*, 619 N.E.2d 1097, 1099-1100 (Ohio Ct. App. 1993).

During his plea colloquy in state court, Cook admitted he possessed, on his computer, pictures of minor children engaged in sexual acts. (Doc. No. 22-4 at 15-16). This admission both was necessary and sufficient to constitute a violation of O.R.C. § 2907.321(A)(5) because it established the way in which the material met the definition of obscenity, one of the essential

4

elements of the crime. Therefore, I must apply the *Taylor* approach to determine whether the elements of the Ohio statute to which Cook pled guilty "correspond[ ] in substance" to the elements set forth in 18 U.S.C. § 2256. *Taylor*, 495 U.S. at 599. I conclude the scope of the offense for which Cook was convicted – possession of materials which were obscene because they displayed or depicted a minor participating in sexual activity – is the same as the scope of the generic offense as defined in § 2256(2) and (8) – possession of visual depictions of a minor engaging in sexually explicit conduct. Cook's state-court conviction meets the statutory requirements of § 2252(b)(1) and (2).

## CONCLUSION

For the reasons stated above, I conclude Cook's prior conviction for violation of O.R.C. § 2907.321(A)(5) is a qualifying prior conviction and triggers the sentencing enhancements set forth in 18 U.S.C. § 2252(b) as to all three counts of the indictment.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge