UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Cook,                                           Case No. 3:13-cr-105

           Petitioner–Defendant,

v.                                                 MEMORANDUM OPINION
                                                         AND ORDER

United States of America,

           Respondent–Plaintiff.

## I.     INTRODUCTION

Petitioner Anthony Cook filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because his attorney was constitutionally ineffective. (Doc. No. 40, 40-1, 43). Cook also has filed three motions seeking to have his sentence vacated in exchange for his promise to renounce his citizenship and move out of the United States. (Doc. No. 45, 46, and 47). The government opposes Cook's application. (Doc. No. 42). For the reasons stated below, I deny Cook's motions.

## II.     BACKGROUND

Cook was indicted on one count each of receiving, distributing, and possessing child pornography in violation of 18 U.S.C. § 2252(a). (Doc. No. 1). Cook agreed to plead guilty to Count 1 and to be sentenced to 180 months in prison and a 20-year term of supervised release in exchange for the government's agreement to dismiss Counts 2 and 3 and not to seek a sentence greater than the statutory mandatory minimum. (Doc. No. 33). I accepted the parties' Rule

11(c)(1)(C) plea agreement and sentenced Cook to 180 months in custody and 20 years supervised-release. (Doc. No. 35). Cook did not appeal.

On May 25, 2018, Cook filed a motion for the appointment of counsel to pursue to § 2255 motion, which I denied. (Doc. No. 39). On September 17, 2018, Cook filed his motion to vacate his sentence. (Doc. No. 40 at 1).

### III. ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). That statute contains a one-year limitations period, which begins to run on the latest date of one of four circumstances. *See* 28 U.S.C. § 2255(f)(1)-(4). The circumstance most pertinent to this case is stated in subsection (1) – "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file a notice of appeal, the defendant's judgment of conviction becomes final fourteen days after the entry of judgment. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (quoting *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004)); Fed. R. Crim. P. 4(b)(1)(A).

As I noted above, the judgment entry in this case was filed on April 29, 2014. (Doc. No. 36). The 14-day period in which Cook could file a notice of appeal ended on May 13, 2014. *See* Fed. R. Crim. P. 4(b)(1)(A). Cook did not file a notice of appeal, making the deadline to file his § 2255 motion May 13, 2015. He did not file his motion until September 17, 2018. (Doc. No. 40 at 1).

Cook offers no explanation for the timing of his filing. He asserts he is dyslexic and indicates he did not know what was on "the Application for Appeal Court . . . [and did] not understand the questions . . . on the Application." (Doc. No. 40-1 at 1). It is unclear whether Cook is referring to an application for direct appeal or to his § 2255 application. In either event, Cook does not make any effort to pursue those potential remedies in a timely manner or that he might be

2

entitled to equitable tolling of the one-year limitations period. *See Johnson*, 457 F. App'x at 469-70 (A petitioner "is entitled to equitable tolling only if the petitioner shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (citations and internal quotation marks omitted)).

I deny Cook's § 2255 motion as time-barred, because he filed it more than three years after the expiration of the one-year statute of limitations. *See, e.g., Sanchez-Castellano*, 358 F.3d at 428-29; *Thomas v. United States*, 490 F. Supp. 2d 865, 868 (N.D. Ohio 2007).

Cook also requests that I grant his § 2255 motion in exchange for his promise to renounce his citizenship. (Doc. No. 44 at 2; Doc. No. 45; Doc. No. 46; and Doc. No. 47). Further, he offers to sell back his Social Security Number and his constitutional rights for an amount between $725 million and $27.9 billion. (Doc. No. 45 at 1; Doc. No. 47 at 2).

Federal law governs the circumstances in which a person may voluntarily or involuntarily relinquish the person's United States citizenship. 8 U.S.C. § 1481(a). Filing a motion in federal court is not one of those ways. After Cook fully serves his sentence, including his term of supervised release, he may renounce his citizenship by following the conditions of § 1481(a)(6). *See, e.g., Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002).

### IV. CONCLUSION

For these reasons, I deny Cook's § 2255 motion, (Doc. No. 40), and his motions to vacate his sentence by renouncing his citizenship. (Doc. No. 45; Doc. No. 46; Doc. No. 47).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge