UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:13-cr-105

        Plaintiff,

v.                                                 MEMORANDUM OPINION
                                                                    AND ORDER

Anthony L. Cook,

        Defendant.

## I.      INTRODUCTION AND BACKGROUND

Defendant Anthony Cook, who currently is incarcerated at Federal Correctional Institution Elkton, located in Lisbon, Ohio, seeks an order granting him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 49). The government filed a brief in response. (Doc. No. 50). Cook then filed two briefs in reply, (Doc. Nos. 51 and 52), as well as seven supplements to his motion. (Doc. Nos. 53-59).

Cook pled guilty to one count of receipt and distribution of child pornography, in violation of 18 U.S.C. 2252(a)(2) and (b) and, in April 2014, I sentenced him to a term of 180 months custody and a supervised release term of 20 years. (Doc. No. 36). Cook did not appeal.

Cook seeks compassionate release, asserting he has certain medical conditions which place him at risk of serious complications if he were to contract Covid-19. (Doc. No. 49). Cook contends he is at higher risk because mask-wearing by staff members and other inmates is inconsistent. (*See, e.g.,* Doc. No. 49-1 and 53). For the reasons stated below, I deny Cook's motion.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Cook has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

I conclude I must deny Cook's motion based upon binding Sixth Circuit caselaw, which holds that a vaccinated defendant's "incarceration during the Covid-19 pandemic . . . does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir.

2021). Cook has received a Covid-19 vaccination, and vaccine booster shots are available to inmates within the Bureau of Prisons. (*See* Doc. No. 50-1).

While I am sympathetic to Cook's concerns for his health, the Sixth Circuit has held a district court abuses its discretion by granting a defendant's § 3582(a) motion "when the inmate 'largely faces the same risk from Covid-19 as those who are no incarcerated' after being vaccinated." *United States v. Sweet*, Case No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *Lemons*, 15 F.4th at 751).

Cook has not shown he faces any greater risk of serious consequences from a potential Covid-19 infection while incarcerated than he would if released. Therefore, I conclude he has not established extraordinary and compelling reasons to support a reduction in his sentence.

### III.   CONCLUSION

For these reasons, I deny Cook's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 49).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3